O

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **MOVING AND PACKING INTERNATIONAL, INC.,** § § § | |
| **Plaintiff,** § § | |
| v. § | **CIVIL ACTION NO. H-01-2550** |
| § | |
| **REPUBLICA de VENEZUELA** § § | |
| **Defendant.** § | |

**ORDER**

Pending before the Court is Plaintiff Moving and Packing International, Inc.'s ("MPI") Motion for Leave of Court for Issuance of Writ of Execution Pursuant to Foreign Sovereign Immunities Act (Dkt. # 28) ("Motion for Writ of Execution") and Supplemental Motion for Motion for Writ of Execution (Dkt. # 30). On December 3, 2002, the Court signed an order entering default against the Republica de Venezuela ("Venezuela"). The Court entered a final judgment against Venezuela on December 18, 2003. On July 15, 2004, the Court signed an order barring MPI from executing the judgment against any assets of Citgo Petroleum Corporation ("Citgo"). MPI now requests the issuance of a writ of execution upon the assets of Citgo. The Court is of the opinion that MPI's motions should be DENIED.

MPI argues that it is entitled to a writ of execution on the assets of Citgo because Citgo is an "instrumentality or property" of Venezuela under the provisions of the Foreign Sovereign Immunities Act of 1976 ("FSIA"), 28 U.S.C. § 1603(b)(2). Citgo is an asset of Venezuela in that it is owned by PDV America, Inc., which is wholly owned by Venezuela's national oil company, Petroleos de Venezuela, S.A. ("Petroleos"). Though Citgo is an indirect subsidiary of Petroleos, a company is not automatically an agency or instrumentality of a foreign state by virtue of the fact that

it is a subsidiary.  Under § 1603 of the FSIA, an "agency or instrumentality of a foreign state" is considered a foreign state if it is a separate legal person; which is an organ of a foreign state or political subdivision thereof, or the majority of its shares are owned by a foreign state; and it is neither a citizen of a state of the United States, nor created under the laws of any third country.  28 U.S.C. § 1603; *Atwood Turnkey Drilling, Inc. v. Petroleo Brasileiro, S.A.*, 875 F.2d 1174, 1176 (5th Cir. 1989).  Citgo is a Delaware corporation with its principal place of business in Houston, Texas and as such is a "citizen of a State of the United States" as defined in 28 U.S.C. § 1332(c) and (e).  Therefore, Citgo is specifically excluded from the definition of "agency or instrumentality" by the FSIA and cannot be an agency or instrumentality of Venezuela.

The Fifth Circuit has noted that while instrumentalities of a foreign state are to be accorded a presumption of independent status, the presumption of judicial separateness may be overcome when "a corporate entity is so extensively controlled by its owner that a relationship of principal and agent is created."  *Arriba Ltd. v. Petroleos Mexicanos*, 962 F.2d 528, 535 (5th Cir. 1992) (quoting) *First Nat'l City Bank v. Banco Para El Comercio Exterior de Cuba*, 462 U.S. 611, 629, 103 S. Ct. 2591, 2601 (1983) ("*Bancec*").  The United States Supreme Court has also noted that the doctrine of corporate entity "will not be regarded when to do so would work fraud or injustice."  *Bancec*, 462 U.S. at 629, 103 S. Ct. at 2601. (quoting *Taylor v. Standard Gas Co.*, 306 U.S. 307, 322, 59 S. Ct. 543, 550 (1939)).  MPI has neither alleged nor produced any evidence indicating that Venezuela has any control over Citgo's operations such that the Court could find the existence of an agency relationship.[1]  Nor has MPI alleged or produced any evidence indicating that Venezuela transferred

---

[1] Though the Houston Chronicle newspaper article attached to MPI's Supplemental Motion for Writ of Execution confirms that Citgo is an asset of Venezuela, it does not suggest that Venezuela has any control over Citgo's operations.

its assets to Citgo in an effort to escape paying the judgment entered against it by this Court.  *See Bancec*, 462 U.S. at 633, 103 S. Ct. at 2604.  Thus, there is no basis "to pierce the corporate veil" and disregard Citgo's separate corporate existence by issuing a writ of execution against its assets to satisfy a judgment against Venezuela.

For the foregoing reasons, MPI's Motion for Writ of Execution (Dkt. # 28) and Supplemental Motion for Writ of Execution (Dkt. # 30) are DENIED.

It is so ORDERED.

Signed this 27th day of May, 2005.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE